ENTECH SYSTEMS, INC., Plaintiff,

v.

Ravi BHASKAR, et al.,
Defendants/Third
Party Plaintiff,

v.

John Meltzer, Julee Mitchell and
Susan Thiem, et al., Third
Party Defendants,

Mercantile Bank, Intervenor.

No. 97–2528–RDR.

United States District Court,
D. Kansas.

Oct. 13, 1999.

---

aka Jack Meltzer, Julee Mitchell, Susan Thiem, third-party defendant.

Susan Thiem, Lincolnville, ME, pro se.

Thomas D. Haney, Fairchild, Haney & Buck, P.A., Topeka, KS, William E. Metcalf, Metcalf & Justus, Topeka, KS, James P. Kenner, Neosho Construction, Co., Inc., Topeka, KS, for Ravi Bhaskar, KDPS Technical Services, Inc., defendants.

Donald E. Bucher, Gould, Thompson & Bucher, P.C., Kansas City, MO, for Mercantile Bank, intervenor-defendant.

Daniel D. Owen, Shughart, Thomson & Kilroy, Overland Park, KS, Matthew D. All, Kansas Insurance Department, Topeka, KS, Russell S. Jones, Jr., Shughart, Thomson & Kilroy, P.C., Kansas City, MO, Winton A. Winter, Jr., Stevens & Brand, L.L.P., Lawrence, KS, for John Meltzer

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is presently before the court upon the motion of defendants/third party plaintiffs Ravi Bhaskar and KDPS Technical Services, Inc. (KDPS) and intervenor Mercantile Bank to impose contempt fines. The court has conducted a hearing on this matter and has received additional memoranda from the parties. The court is now prepared to rule.

This case has a rather complicated history. Some understanding of the background is necessary in order to fully comprehend the present motion. This case was filed in Kansas City, Kansas by Entech Systems, Inc. on October 17, 1997 against Bhaskar and KDPS. The case was initially assigned to Judge John Lungstrum. In its complaint, Entech alleges that in 1992 it created a computer software program called "The Monitor System," which provides environmental data management for use in various industries. The Monitor System was copyrighted on April 17, 1992. In early 1996, Entech entered into an agreement with KDPS and its principal, Bhaskar, in which defendants agreed to provide programming services to take the DOS version of The Monitor System and create a Windows version. Entech alleges that defendants failed to complete the programming services and thereby breached the agreement. They further allege that the defendants absconded with the program and source code on September 12, 1997 and refused to return them. Entech asserts claims of copyright infringement, misappropriation of trade secrets, breach of contract, and unfair competition. Entech sought injunctive relief and damages. Following the filing of the complaint, Entech filed a motion for preliminary injunction.

On November 12, 1997, the defendants Bhaskar and KDPS filed an answer and counterclaims against Entech for breach of contract and quantum meruit. They also sought a declaratory judgment concerning ownership of the intellectual property at issue. The same day, defendants filed a third-party complaint against Jack Meltzer, Julee Mitchell, Susan Thiem and Dove Technologies, Inc. In the third-party complaint, the defendants allege that they entered into a contract with Dove which provided that Dove would act as the exclusive licensor of The Monitor System Windows program. It further provided that Bhaskar would receive 30% of the stock of Dove. The complaint further alleges that the third-party defendants solicited funds from the defendants and then absconded with the monies. The defendants brought claims of breach of contract, fraud, defamation and quantum meruit. They also sought a declaratory judgment.

On November 21, 1997, Mercantile Bank sought to intervene as a defendant in this action. Mercantile alleged that it has an interest in the proceeds of the sale of the Windows version of The Monitor System because it had advanced monies to defendant KDPS. Leave to intervene was subsequently granted.

On November 25, 1997, the parties appeared before Judge Lungstrum on Entech's motion for preliminary injunction and defendants' motion for appointment of receiver. After informal consultations with the court, the parties came to an agreement which was filed as a stipulated consent order on December 2, 1997. The stipulated consent order required Dove to report to a neutral third party, retired state district Judge E. Newton Vickers, prior to or immediately after writing certain checks (the "check reporting provisions"). The order stated:

1. With regard to checks written in an amount of $1,000.00 or more, but less than $10,000.00, Dove shall provide notification to [Judge Vickers] within 24 hours of writing such check, such notification to take the form of faxing a copy of each such check to [Judge Vickers].

2. With regard to checks written by Dove in the amount of $10,000.00 or more, Dove shall provide 24 hour prior notification to [Judge Vickers] of Dove's intent to write the check, including the amount of the check and the payee.

3. Dove shall not be required to provide any notification of checks written in an amount less than $1,000.00, but shall not write cumulative checks for the same bill which amount to more than $1000.00 total.

The stipulated consent order also addressed the licensing of the new Windows version of The Monitor System (the "licensing provision"). The order provided:

ORDERED that for the duration of this Order, all licensing of the Windows version of The Monitor System shall be exclusively through Dove. In the event Dove believes that some other entity needs to issue a license, it shall first bring the issue to the attention of the attorneys for defendants and, in the event no agreement is reached, may bring the issue before this Court.

On December 31, 1997, defendants filed an accusation of contempt and motion for citation of contempt, alleging that Dove had failed to comply with the December 2nd order. Specifically, the defendants asserted that Entech and Dove had failed to comply with the check reporting provisions.

On January 7, 1998, Ms. Mitchell sent a letter to Judge Vickers on behalf of Dove. In the letter, Ms. Mitchell stated: "In the meantime, I apologize for not getting this financial information to you sooner, but we had to pack up all of our computers and my accounting system is on the computer. I will continue to comply with this order until we are able to go to arbitration." The letter contained a list of 12 payments by Dove between November 26, 1997 and December 31, 1997. The amounts ranged from $1,059 to $3,222 and totaled $21,276 for the 12 checks.

On or about February 2, 1998, Dove and Entech filed for bankruptcy in Maine. As a result of the bankruptcy filings, the matters concerning Dove and Entech were stayed by Judge Lungstrum. The case has continued, however, as to the other parties.

On March 18, 1998, Judge Lungstrum eventually denied the motions to compel arbitration filed by third-party defendants Meltzer and Mitchell. He also ruled on the defendants' motion for citation of contempt. He directed Meltzer and Mitchell to provide Judge Vickers copies of all checks over $1,000 written by Dove since November 25, 1997. He further ordered them to strictly comply with the terms of the December 2nd order with respect to any such expenditures that may take place in the future, until such time as the order is lifted by the court. Finally, he directed Mitchell and Meltzer to produce the required copies by March 30, 1998 or else show cause why they should not be held in contempt and fined $500 for every day of noncompliance after March 30, 1998.

On August 12, 1998, the Mercantile Bank filed the instant motion. The defendants joined in the motion on August 17, 1998. Third-party defendants Meltzer and Mitchell, proceeding *pro se*, filed a response on August 26, 1998, and in that response they asked for relief from the reporting requirements of the earlier orders. The case was thereafter transferred to this court after Judge Lungstrum recused.

On April 7, 1999, the court conducted a hearing on the motion for contempt. Mitchell was the only witness who testified at the hearing.

In the instant motion, the defendants/third-party plaintiffs and the Bank ("movants") seek an order imposing a contempt fine on third-party defendants Mitchell and Meltzer of $500.00 a day from April 1, 1998. They contend that since the order of March 19, 1998, Meltzer and Mitchell have made only three reports: (1) three pages of copies of checks faxed to Judge Vickers on or about March 27, 1998; (2) a fax of one check on July 14, 1998; and (3) a fax on July 28, 1998 of a letter dated July 30, 1998 referencing a $3,000 transfer from Entech to Dove. The defendants suggest that there are a number of checks during the time period from November 26, 1997 to March 27, 1998 which have not been disclosed to Judge Vickers. They note several items which they believe show that Mitchell and Meltzer are not complying with the court's order. They also contend that Mitchell and Meltzer have violated the provisions of the December 2nd order wherein the court provided that "all licensing of the Windows version of The Monitor System shall be exclusively through Dove." They assert that Mitchell and Meltzer have been selling the Windows version to some users through Entech rather than through Dove.

Mitchell and Meltzer have responded that they have reported all checks over $1,000 withdrawn from Dove to Judge Vickers with the exception of one check to Abigal Dolinger issued in January 1998. They assert this was simply an oversight and that they reported it in bankruptcy court, so there was no attempt to hide it. They note that Entech and Dove have been in bankruptcy since February 2, 1998, so an accounting of both of these companies is open for review by counsel for the defendants and the Bank. They further suggest that they have not violated the licensing provision of the December 2nd order. They note that Entech does not have to be licensed to sell The Monitor System because it owns the copyright for it. They note that they have not licensed any company to sell The Monitor System other than Dove. Mitchell and Meltzer now request relief from the reporting requirements previously established. They note that at the time the December 2nd order was entered, Dove had not filed for bankruptcy. They assert that since Dove has filed for bankruptcy, it is filing monthly financial reports with the bankruptcy trustee. They contend that the reporting requirements are no longer necessary.

Having carefully reviewed the testimony and evidence presented at the hearing on April 23rd, the court now makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. The check written to Abby Dolinger by Julee Mitchell on January 28, 1998 was for rent for Dove. The check was not reported to Judge Vickers in Mitchell's letter of March 23, 1998. She mistakenly left the check off the list. She did, however, later report it to Judge Vickers. She also reported it in the Dove bankruptcy proceeding.

2. On January 28, 1998, Dove Technologies wrote checks of $900.00 each to Meltzer, Mitchell and Entech. On February 1, 1998, Dove wrote another check to Meltzer for $300.00. The purpose of these checks is not entirely clear.

3. Entech has continued to sell the Windows version of The Monitor System to former DOS users of the product. Mitchell does not believe that such sales violate Judge Lungstrum's order of December 2nd because Entech already has a license to sell this product.

### CONCLUSIONS OF LAW

1. The primary purpose of a civil contempt citation is to compensate for losses sustained by one party due to another party's disobedience of a court order and to compel future compliance with court orders. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949). In contrast, the primary purpose of a criminal contempt is to punish the defiance of a court's authority through a fine or imprisonment. *Ager v. Jane C. Stormont Hospital & Training School for Nurses,* 622 F.2d 496, 499–500 (10th Cir.1980) Mitchell and Meltzer have suggested that the movants are seeking an order of criminal contempt. We disagree. The court finds that the movants are seeking to impose a fine upon Mitchell and Meltzer for coercive and compensatory reasons. These purposes provide appropriate basis for the imposition of civil contempt. *Law v. National Collegiate Athletic Ass'n,* 134 F.3d 1438, 1443 (10th Cir. 1998).

2. A party seeking a contempt order must show by clear and convincing evidence that the party accused of being in contempt failed to comply with a valid order of the court. *Reliance Insurance Co. v. Mast Construction Co.,* 159 F.3d 1311, 1315 (10th Cir.1998). Here, the movants must show by clear and convincing evidence that Mitchell and Meltzer failed to comply with the court's orders of December 2nd and March 18th.

3. A party accused of contempt may be absolved from a finding of civil contempt if he or she is able to show compliance with a reasonable interpretation of the order. *Spectra Sonics Aviation, Inc. v. Ogden City,* 931 F.2d 63, 1991 WL 59369 at *2 (10th Cir.1991) (table). It is a defense to civil contempt if the party accused of contempt has taken all reasonable steps and has substantially complied with the court's order. *Id.*

4. Even if the movant meets its burden of proof, the type, character and extent of relief available is within the trial court's discretion. *O'Connor v. Midwest Pipe Fabrications, Inc.,* 972 F.2d 1204, 1209 (10th Cir.1992). Sanctions for civil contempt may only be imposed for either or both of the following remedial purposes: (1) to compel or coerce obedience to a court order, and (2) to compensate the contemner's adversary for injuries resulting from the contemner's noncompliance. *Id.* at 1211. A compensatory fine for civil contempt must be based upon the complainant's actual loss. *Allied Materials Corp. v. Superior Products Co.,* 620 F.2d 224, 227 (10th Cir.1980).

5. The court is not persuaded that the motion for contempt filed by Mercantile Bank and joined in by Bhaskar and KDPS should be granted. As to most of the allegations, the court does not find that the movants have shown by clear and convincing evidence that Mitchell and Meltzer violated the provisions of the court's or-

ders of December 2nd and March 18th. As to others where a violation has been shown, the court is not persuaded that the movants are entitled to any relief.

6. The court turns initially to the allegation that Mitchell and Meltzer have violated the cumulative check writing prohibition contained in the order of December 2nd. The contentions of the movants are somewhat puzzling concerning this allegation. In their initial briefs on this issue, they argued that Mitchell and Meltzer had violated this provision by writing three checks in the amount of $900.00 each to Meltzer, Mitchell and Entech on January 28, 1998. In the supplemental brief filed following the hearing, they contended that Mitchell and Meltzer violated this provision by writing a $900.00 check to Meltzer on January 28, 1998, and then writing a $300.00 check to him on February 1, 1998. The court is not persuaded that the movants have shown by clear and convincing evidence that any of these transactions violate the court's orders. The court is not persuaded that the writing of three checks for $900.00 on January 28, 1998 violated the cumulative check reporting provisions of the order of December 2nd. These three checks were written to different entities, and the movants have made no showing that they were written to avoid the $1,000 check reporting requirement. The burden of demonstrating a violation rests with the movants, and they have failed to meet that burden concerning this allegation. The other allegation concerning the two checks written to Meltzer is much stronger, but we are not persuaded that Mitchell and Meltzer had adequate notice that this matter would be an issue at the hearing on April 23, 1999. There was no mention of this subsequent $300.00 check in the initial pleadings filed by the movants. In any event, the evidence concerning this issue is sketchy. There is some evidence to support the contention made by the movants, but it is hardly clear and convincing. Accordingly, the court does not find that Mitchell and Meltzer should be found to be in contempt for these matters.

7. The movants have also failed to demonstrate that the checks involving the laptop computer constituted a violation of the court's order of December 2nd. Although the recordkeeping and reporting by Mitchell of this particular matter was hardly meticulous, we find no violation. The laptop computer was apparently purchased by Mitchell and Meltzer at Computer City for Dove with an Entech check. An Entech check was used because they did not have a Dove check with them at the time. They later wrote a check to reimburse Entech for the amount of the computer. Judge Vickers was subsequently informed that Dove had spent $2,600 for a computer. Although we do not condone the machinations of this particular purchase, we see no violation of the court's order.

8. We next turn to the allegation that Mitchell and Meltzer violated the licensing provisions of the December 2nd order. The movants have suggested that Mitchell and Meltzer violated the terms of the order by selling the Windows version of The Monitor System through Entech. They contend that the order of December 2nd provided that only Dove could sell the Windows version of The Monitor System. They suggest the use of the term licensing in the court's order is synonymous with "marketing" or "selling."

The evidence in the record confirms that Entech has sold the Windows version of The Monitor System through Entech. Mitchell and Meltzer contend that the December 2nd order does not preclude such sales. They believe that licensing as used in that order meant authorization of the licensee to sell software owned by the licensor. Mitchell indicated that she believed the order did not prohibit Entech from selling an upgrade of its existing software product to its existing customer base because Entech was already licensed to sell the software.

The court is not prepared to resolve this conflict under these circumstances. In resolving a request for a contempt order, the

court is limited to determining whether the party charged with contempt has done so by clear and convincing evidence. There is little question in the court's mind that the provisions of the December 2nd order concerning the sale of The Monitor System by Entech are ambiguous. The use of the term licensing rather than sale creates the ambiguity. Ambiguities must be resolved in favor of persons charged with contempt. *Ferrell v. Pierce,* 785 F.2d 1372, 1378 (7th Cir.1986). Accordingly, we fail to find that Mitchell and Meltzer violated the terms of the licensing provisions by clear and convincing evidence.

9. Finally, we turn to the allegation that Mitchell and Meltzer failed to report all checks in excess of $1000. We do find that they did fail to notify Judge Vickers of the check written on January 28, 1998 to Abby Dolinger for $1200. The court does not find, however, that this omission requires the granting of the instant motion. This is the only check that falls within the provisions of the December 2nd order that was not properly reported. Mitchell has acknowledged that this was an error on her part. She did, however, subsequently report the check to Judge Vickers and she also reported it to the bankruptcy court. The court sees no effort by Mitchell to conceal this transaction from the courts overseeing these financial matters.

10. The court feels compelled to make one final comment. Although we have failed to grant the instant motion, we do not intend to suggest that Mitchell and Meltzer have been meticulous in their compliance with the court's orders. They have indeed been sloppy in their accounting and in their reporting. Although their actions or inactions do not rise to the level of contempt, we would caution them to strictly comply with any future orders of the court. The court does, however, find that additional reporting to this court is no longer necessary. With the pending bankruptcies concerning Dove and Entech, Mitchell and Meltzer are required to submit all of their financial records in the bankruptcy actions. We see no reason now to duplicate those requirements here.

Accordingly, Mitchell and Meltzer shall be relieved from the check reporting requirements of the December 2nd order.

**IT IS THEREFORE ORDERED** that the intervenor Mercantile Bank's motion to impose contempt fine against John Meltzer and Julee Mitchell (Doc. # 89) that was joined in by defendant Ravi Bhaskar and KDPS Technical Services, Inc. (Doc. # 92) be hereby denied.

**IT IS FURTHER ORDERED** that third-party defendants John Meltzer and Julee Mitchell's request for relief from the reporting requirements of the court's order of December 2, 1997 (Doc. # 93) be hereby granted. Neither the corporate defendants nor the individual defendants are now required to comply with the reporting requirements of the court's order of December 2, 1997.

**IT IS SO ORDERED.**